UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
AT URBANA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CR06-20019 |
| SHANCE O. DALTON, | ) |
| Defendant. | ) |

### MOTION FOR HEARING TO DETERMINE WHETHER DEFENDANT VIOLATED TERMS OF PLEA AGREEMENT

The United States by its attorneys, Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Assistant United States Attorney, Richard N. Cox, respectfully moves the Court to conduct a hearing to determine whether the defendant violated the terms of his plea agreement. In support, the United States submits the following:

1.  On March 1, 2006, a grand jury returned an indictment charging the defendant with two counts of distribution of crack. Count 2 charged that the offense involved more than five grams of crack. Thus, because of prior drug convictions, the defendant faced a minimum of 10 years and up to life imprisonment on that charge.

2.  On October 26, 2006, the defendant pleaded guilty to Count 2 of the indictment pursuant to a written plea agreement. As part of the agreement, the government agreed to dismiss Count 1 at the time of sentencing. For his part, the defendant agreed to "cooperate fully with law enforcement officials" pursuant to the

terms of an attached letter. The government agreed that it would consider any information and cooperation provided by the defendant in determining whether the defendant provided "substantial assistance in the investigation or prosecution of other criminal offenses" warranting the making of a motion for a downward departure at the time of sentencing.

3.  Following his guilty plea, the defendant provided information to Champaign Police Department detectives concerning his knowledge of an unsolved 1997 murder in Champaign. In sum, the defendant told the detectives that he and Erick Johnson went to an apartment to intimidate some people they believed were Chicago drug dealers into leaving town. To do so, they armed themselves with guns. At the apartment, the defendant kicked in the door and was accosted by a man inside. During the ensuing struggle, Johnson fired two shots and killed the man, Timothy Payton.

4.  As a result of the defendant's information and other investigation, on March 6, 2007, the Champaign County State's Attorney charged the defendant with five counts of murder in connection with Payton's death.

5.  On March 22, 2007, a state grand jury indicted Johnson on murder charges in connection with Payton's death.

6.  On April 17, 2007, pursuant to a negotiated plea, the defendant pleaded guilty to Payton's murder for an agreed sentence of 20 years of imprisonment. After accepting the defendant's plea, the state court judge sentenced him to 20 years of imprisonment pursuant to the agreement between the parties.

7.  On April 24, 2007, the defendant appeared before this Court for sentencing. The presentence report determined that the defendant was a career offender, resulting in an advisory Guidelines range of 262-327 months of imprisonment. Neither party objected to the calculation of the range. Accordingly, this Court found it to be the correct range. The government moved for a downward departure based on the substantial assistance the defendant had provided to the state authorities in connection with Payton's murder. This Court granted the government's motion and ultimately sentenced the defendant to 262 months of imprisonment to be served concurrently with the state murder sentence.

8.  On November 28, 2007, the defendant was called as a witness for the state in Johnson's murder trial. At that time, under oath, the defendant testified that Johnson did not fire any shots at Payton, but rather that the defendant was the shooter. This testimony directly contradicted the information the defendant had previously given to the detectives concerning Payton's murder. The defendant referred to his earlier statements implicating Johnson as the shooter as "the biggest lie I ever told in my life."

9.  As a result of the above, the government submits that the defendant violated his plea agreement. Under the agreement, this Court determines whether the defendant has violated the terms of the plea agreement. This Court has jurisdiction to determine whether the defendant violated the plea agreement. *See United States v. Collins*, 503 F.3d 616 (7th Cir. 2007). Accordingly, the government respectfully moves this Court to schedule a hearing to determine whether the defendant violated the terms

of his plea agreement.  The defendant is currently in the custody of the Bureau of Prisons, and the government will need to secure the defendant's presence for the hearing.  In order to allow sufficient time to bring the defendant before this Court, the government suggests that any such hearing be scheduled no earlier than 30 days from the date of this Court's ruling on the government's motion.

    Respectfully submitted,

    RODGER A. HEATON
    United States Attorney

    s/ RICHARD N. COX
    RICHARD N. COX, Bar No. IL 0532258
    Assistant United States Attorney
    United States Attorney
    201 S. Vine St., Suite 226
    Urbana, IL 61802
    217/373-5875
    FAX: 217-373-5891
    richard.cox@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Donald R. Parkinson
>Attorney at Law
>135 West Main Street
>Urbana, IL 61801

>s/ RICHARD N. COX
>RICHARD N. COX, Bar No. IL 0532258
>Assistant United States Attorney
>United States Attorney
>201 S. Vine St., Suite 226
>Urbana, IL 61802
>217/373-5875
>FAX: 217-373-5891
>richard.cox@usdoj.gov