2:06-cr-20019-MPM-DGB  # 32  Page 1 of 6

Page
1 of 6     4-11-08

E-FILED
Monday, 28 April, 2008 01:56:20 PM
Clerk, U.S. District Court, ILCD

To: Judge Michael McCuskey

From: Shance O. Dalton

This is a counter attacking argument Motion filed against me by the Government. I would like this document filed and recorded as evidence in my behalf.

It is said that I alledgedly violated paragraph #16. of my plea agreement, due to a document I signed on (10-23-06). That document promised me immunity from anything I said to enforce "Federal Law" from the United States. In return for this immunity I must give truthful statements to federal law enforcement (in terms of this being a federal document) and if I'm called to testify to any grand jury, trial jury, judge or Magistrate by the "United States", That information be truthful as well. This information is stated in Paragraphs 2 and 3 of the document I signed 10-23-06.

    However, The information I gave "Champaign Police Officers" was used against me solely and I was charged with 1st degree Murder.

Paragraph ① of the document I signed was suppose to grant me immunity from such statements, but since the statements I was giving, was to Champaign Police, and not Federal Officials. That immunity did not apply to me any more.

On 11-29-07 I was called to testify in behalf of the "State of Illinois", and the statements I made in my testimony, are now attempting to be used against me by the U.S Government in terms of breaching my Federal Plea agreement. Paragraph ③ of the document I signed 10-23-06 binds me to testify in federal court, if ever called by the "United States". It does not bind me to testify if called by the State of Illinois. So there for the document I signed on 10-23-06 is only bound by "federal law" and not "state" "law". It did not grant me immunity from state law, but that of federal law only, so any statements I made at a court in Illinois State law, should have no binding affect on any type of federal documents.

If the State of Illinois believed I was untruthful in my testimony, it is their job to seek remedy for those actions not the federal Government.

Judge McCuskey the document I signed 10-23-06 is clearly a federal document, and only binds me to that of federal jurisdiction. It did not bind or protect me from the State of Illinois in any kind of way due to that jurisdiction. Mr. Cox is using a statement I made in Illinois State court and a statement I made to Champaign Police Officers to violate non-binding federal documents. The document I signed on 10-23-06 is a federal document an pertains to federal law only, so by that same federal law, the State of Illinois and its laws and courts are totally out of federal jurisdiction. Therefor the motion to breach my federal Plea agreements, for a statement I made in Illinois State court should be stricken.

Your honor I did not gain anything from my cooperation with the state of Illinois, but a 1st degree murder conviction. The Government gave me a 20% departure, but the nature of my cooperation aggravated my sentence for the federal drug charge, cause by it I gained a conviction of 1st degree murder, added to my criminal history. As seen in my federal sentencing transcripts, Mr. Cox used my so called cooperation more against me than for me. Mr. Cox also boasted the gain recieved by both State and Federal officials due to

my cooperation. In return for my solving of this 10 yr old murder case. I recieved a sentence within the guidelines I was entitled to without any cooperation what so ever. Your Honor I gave what I could and now Im back before you cause I couldn't give them more. From a situation I gained nothing at all.

Your Honor paragraph (7) of the document I signed 10-23-06 states for me to not tell anyone about my cooperation. Im sure it pertains to the Government as well in keeping cooperation confidential until that case is settled, to assure the safety of the person cooperating and family as well. Since those rules didn't apply to the state of Illinois., My cooperation was boasted throughout the news papers due to information given out by state prosecutors. Information about the information I had given to authorities was of public access well before I was called to testify. As a result of that information going public, I was forced to place myself in Protective Custody at the Level 7 USP Hazelton in W.V. because my very own safety was at stake, due to the access of the information obtaining to my cooperation. Prior to my transfer here for court purposes, I was being housed in the SHU

Page

5 of 6

or Special Housing Unit, in wich I was on lock down for 24 hrs. a day. I've been in protective Custody since November of 2007, and I will remain there until I'm transfered to another facility for my own safety. USP Hazelton will verify the status of my custody. Your honor with all thats going on in my case I would request that any documents or information be sealed in my case for the sake of my safety in the F.B.O.P. I would also ask your honor that you yourself make a request to the F.B.O.P's region offices that I be transfered to its facility in Coleman, Florida, wich is designed to house inmates with issues with their safety, due to cooperation and other situations? That way I can be somewhere safe until my security level points drop low for me to transfer to a medium level FCI facility, cause USP facilities are unsafe for known persons whom cooperated with the Government.

Mr. McCluskey I just thought I would share that with you and the courts the fac of how little I've gained, and how much of a problem this situation has caused me. I feel that it is unfair to me that Mr. Cox is using a federal document, to further punish me for a crime he felt un- punished. It is also unfair that Mr. Cox

Page 6 of 6

is trying to clean up the State of Illinois mistakes, and pursue some type of reprocussion towards me, for not aiding the state with any further convictions. Your honor that is not Mr. Cox's job and totally out of his jurisdiction by federal laws and procedures of the U.S.

Your honor for all this situation is worth to me, even though my gain in this situation was obviously none. I get to sleep at night knowing that that chapter of my life is done and over with. I also don't have to worry about what I did coming back to haunt me. Mr. Cox might try to portray me as being a liar but my my so called lie brought closure to a grieving family, myself, the U.S Gov. and the State of Illinois for a crime that would have went unsolved if I Shanee Orlando Dalton wasn't man enough to except my responsibility, when I could have not said anything, got the same 262 without a departure, been without a murder conviction, in no need of protective custody while incarcerated and not a chance of getting more jail time than I started out with.

Thank You

Judge McCuskey

Sincerely,
Shanee O. Dalton

Sorry for the errors in your name

except as set forth in this plea agreement.

2. This plea agreement is binding only upon the United States Attorney for the Central District of Illinois and the defendant. It does not bind any United States Attorney outside the Central District of Illinois, nor does it bind any state or local prosecutor. In addition, the plea agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury.

3. This agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and therefore if the Court does not accept the recommendations of the parties, the defendant does not have the right to withdraw his plea of guilty.

### CHARGE(S), ELEMENTS, AND PENALTIES

4. The defendant will plead guilty to Count Two of the Indictment. At the time of sentencing, the government will move to dismiss Count One. In Count Two, the defendant is charged with distribution of five or more grams of cocaine base ("crack"), in violation of Title 21, United States Code, Section 841(a)(1).

5. The defendant has read the charge to which the defendant is pleading guilty, and the charge has been explained to the defendant by the defendant's attorney. Furthermore, the defendant fully understands the nature

2

U.S. Department of Justice

*United States Attorney*
*Central District of Illinois*

---

Rodger A. Heaton
United States Attorney

Urbana Division Office
Urbana Federal Building and U.S. Courthouse
201 South Vine Street, Suite 226
Urbana, Illinois 61802-3369
TEL: (217) 373-5875
FAX: (217) 373-5891

October 23, 2006

Donald R. Parkinson
Attorney at Law
135 West Main Street
Urbana, IL 61801

Dear Mr. Parkinson:

It is my understanding that your client, Shance O. Dalton, desires to cooperate with the United States in its efforts to enforce federal law on the condition that his statements are protected by a grant of direct use immunity. This letter is intended as a conditional grant of that immunity.

To avoid any misunderstanding, the specific terms of this grant of direct use immunity are as follows:

1. The United States agrees that no statement made or information provided pursuant to this agreement may be used directly against your client in any criminal case, including sentencing, excepting (1) a prosecution for making a false statement or perjury, and (2) use as impeachment or rebuttal evidence should your client subsequently testify or take a position in a legal proceeding contrary to the information he provides. The United States will be free to make indirect or derivative use of your statements. This agreement means only that the statements **themselves** made pursuant to this agreement may not be introduced as evidence against your client.

2. In return, your client agrees that he will provide <u>complete</u> and <u>truthful</u> information to law enforcement officials regarding his criminal conduct and everything he knows or has reason to believe about the criminal conduct of others. Your client also agrees to produce any and all documents and physical evidence of any kind in his possession or under his control which relate to the information he provides.

3. Your client agrees to provide <u>complete</u> and <u>truthful</u> testimony to any grand jury, trial jury, judge, or magistrate in any proceeding in which he may be called to testify by the United States.

4. You and your client further acknowledge and agree that the United States' grant of direct use immunity herein is entirely conditioned upon your client's complete compliance with paragraphs 2 and 3. Should your client knowingly make any materially false statement or omission in providing information or testimony under this agreement, the United States will be entitled to use his statements and evidence he provides, directly and indirectly, to institute and support a criminal prosecution for any offense as well as a prosecution for giving false statements and perjury. This means, for example, that your client must neither conceal or minimize his own actions or involvement in any offense, nor conceal, minimize, fabricate, or exaggerate anyone else's actions or involvement in any offense. He must be completely truthful about the facts whatever those may be.

5. Your client understands that the offenses of giving false statements and of perjury are felonies, each instance of which is punishable by up to five years in prison plus a $250,000 fine.

6. Your client agrees that he will not initiate any contact with the subjects of any investigation without the prior knowledge and approval of law enforcement agents.

7. Your client agrees that he will not tell anyone anything about any investigation or his own cooperation (except his attorney) without the prior knowledge and approval of law enforcement agents.

8. At the present time, your client is not the target of any other federal investigation of which the undersigned is aware. Nevertheless, the fact that your client admits to having engaged in criminal activity in the past means there is always the possibility that law enforcement agents will obtain admissible evidence of those crimes from sources other than your client's own statements, and that evidence could be used to prosecute your client. At this time the United States is not making and has not made any promise or commitment of any kind to you or your client regarding the prosecution of any offense or the sentence in any case.

9. The United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the sentencing guideline range pursuant to § 5K1.1 of the Sentencing Guidelines and from any mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e) if your client provides substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended departure will depend solely upon the United States' evaluation of the nature, extent, and value of your client's assistance, including his truthfulness.

10. Your client understands and agrees that prior to the United States making a motion at the time of sentencing for a downward departure from the sentencing guideline range pursuant to § 5K1.1 of the Sentencing Guidelines and from any

        mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e), in its sole discretion, the United States may require your client to waive certain rights, including the right to appeal, the right to collaterally attack any conviction and the right to argue for a downward departure greater than that made by the United States. The United States may require that these waivers be in writing. Further, you and your client understand and agree that the refusal to make such waivers may form the basis for the United States to refuse to make a downward departure for any substantial assistance provided by your client.

11.    Any material breach of any provision of this agreement by your client will void this agreement in its entirety and will release the United States from any obligation under this agreement.

This letter embodies the entirety of the United States' immunity agreement with you and your client. No other promise or agreement exists between you or your client and the United States regarding such immunity.

Please have your client sign and date this letter below to acknowledge his understanding and agreement to the above terms. Return the original to me.

Very truly yours,

RODGER A. HEATON
UNITED STATES ATTORNEY


s/Richard N. Cox
Richard N. Cox
Assistant United States Attorney


AGREED:


s/Shance O. Dalton                    s/Donald R. Parkinson
Shance O. Dalton                      Donald R. Parkinson
Defendant                               Attorney for Defendant


DATE: October 26, 2006              DATE: October 26, 2006