E-FILED
Friday, 29 September, 2017 09:20:39 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 06-CR-20019 |
| **SHANCE O. DALTON,** | ) ) ) | |
| Defendant. | ) | |

# OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Defendant Shance O. Dalton's Motion to Reopen Movant's Title 28 U.S.C. § 2255. The Court DISMISSES the Motion for lack of jurisdiction. Alternatively, even if the Court had jurisdiction, the Court would deny the motion.

## I. BACKGROUND

In late 2006, Defendant pled guilty to distributing five grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B) pursuant to a plea agreement. As part of the plea agreement, Defendant waived his right to appeal and

collaterally attack his conviction and sentence. Plea Agreement (d/e 14).

On April 24, 2007, former United States District Judge Michael P. McCuskey sentenced Defendant to 262 months' imprisonment to run concurrently with Defendant's state conviction in Champaign County Case No. 07-CF-363. Judgment (d/e 25).

In February 2008, the Government filed a Motion for Hearing to Determine Whether Defendant Violated Terms of Plea Agreement. Mot. (d/e 27). In May 2008, following a hearing, Judge McCuskey found that Defendant had violated the terms of the plea agreement by failing to provide complete and truthful information regarding other criminal activity. May 29, 2008 Minute Entry; May 29, 2008 Tr. at 19. The Court voided the plea agreement, stated that Defendant could not withdraw his guilty plea, and set the matter for resentencing. Id. On July 31, 2008, Judge McCuskey vacated the original judgment and resentenced Defendant to 441 months' imprisonment, to run concurrently with the state conviction in Champaign County Case No. 07-CF-363. Text Order of July 31, 2008; Judgment (d/e 40) (judgment dated August 1, 2008).

Defendant appealed. In November 2009, the Seventh Circuit entered an order granting the Government's motion to vacate the district court's decision, stating:

> This case is remanded to the district court with instructions to vacate the order entered on July 31, 2008, vacating [Defendant's] original sentence, and the judgment entered on August 1, 2008, imposing the new sentence. The district court lacked jurisdiction to alter [Defendant's] sentence. See United States v. Lawrence, 535 F.3d 631, 637 (7th Cir. 2008).

Mandate (d/e 56). On remand, Judge McCuskey vacated the order entered July 31, 2008, which had vacated Defendant's original sentence, and vacated the judgment entered August 1, 2008, which had imposed a new sentence. Text Order of December 8, 2009. The Court did not appoint counsel to represent Defendant and did not hold a new sentencing hearing. On January 29, 2010, the Court entered an Amended Judgment, noting that the judgment dated August 1, 2008 was vacated pursuant to the Seventh Circuit's mandate and that the original judgment dated April 24, 2007 was re-imposed. Am. Judgment (d/e 60).

On February 11, 2010, Defendant filed, pro se, a document he refers to as a Writ of Habeas Corpus (d/e 63). The Motion was

docketed as a Pro Se Motion to Re-impose Original Sentence. In the Motion, Defendant asserted that his original sentence had not yet been re-imposed. Id. at 5. Defendant asked to personally appear before the Court, be appointed counsel, and have the original sentence imposed. Id. Defendant also asked that an updated Presentence Investigation Report be prepared. Id.

On February 11, 2010, Judge McCuskey entered an Order (d/e 64) concluding that no hearing was necessary because Defendant's original sentence had already been re-imposed.

On March 4, 2010, Defendant filed another pro se motion (d/e 65) requesting that an updated Presentence Investigation Report be prepared. On March 5, 2010, the Court denied the motion, finding that an updated report was not necessary. See Text Order of March 5, 2010. The Court noted that the Seventh Circuit did not vacate the Presentence Investigation Report "prepared prior to imposing a new sentence, and did not call into question any of the information included" in that Presentence Investigation Report. See id.

In June 2016, Defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody based on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) (holding that the residual clause of the Armed Career Criminal Act is unconstitutionally vague).  <u>See</u> United States District Court, Central District of Illinois, Case No. 16-2161.  On April 25, 2017, this Court denied the Motion as untimely.  The Court also held that, even if the Motion were timely, Defendant was not entitled to relief under <u>Johnson</u> and the alleged error was not cognizable on a § 2255 Motion.  Case No. 16-2161, Opinion (d/e 18).  The Court also denied a certificate of appealability.

## II. ANALYSIS

Defendant has now filed a Motion to Reopen Movant's Title 28 U.S.C. § 2255 (d/e 69).  Defendant claims that his February 2010 Motion was a motion brought pursuant to 28 U.S.C. § 2255 and that the Court erred by characterizing the Motion as a motion to reimpose the original sentence.

This Court lacks jurisdiction to rule on Defendant's Motion, which was filed over seven years after the entry of the Court's order denying the February 2010 Motion.  Defendant purports to bring this Motion pursuant to Federal Rules of Civil Procedure 60(b)(6) "or

any other applicable court rule that would apply." Mot. at 1 (d/e 69); see Fed. R. Civ. P. 60(b)(6) (providing that a court may relieve a party from a final judgment or order for "any other reason that justifies relief" and requiring that the motion be brought within a "reasonable time"). Rule 60(b) applies only in civil cases. <u>United States v. Guereca</u>, 280 F.App'x 541 (7th Cir. 2008); see also <u>United States v. Fisher</u>, No. 06-cr-56-bbc, 2012 WL 4801471, at *2 (W.D. Wis. Oct. 9, 2012) (noting that the court previously denied a Rule 60(b) motion because Rule 60(b) does not apply to criminal cases). The Court is unaware of any basis on which Defendant can bring his Motion to Reopen at this time in this criminal case.

Even if this Court had jurisdiction, the Motion would be denied. Defendant has already filed a § 2255 Motion which, interestingly, did not raise the issues raised in Defendant's February 2010 Motion. In any event, treating Defendant's February 2010 Motion as a § 2255 Motion at this time would result in Defendant filing a successive § 2255 Motion. A prisoner may not file a second or successive § 2255 motion unless he obtains certification from the court of appeals. 28 U.S.C. § 2255(h).

The Court also notes that nothing in the February 2010 motion suggested that Defendant was attempting to bring a motion under 28 U.S.C. § 2255.  His reference to a writ of habeas corpus in the February 2010 Motion is consistent with his request that he be brought to court for a new sentencing hearing.  A writ of habeas corpus <u>ad</u> <u>prosequendum</u> is used to bring a prisoner before the court.  <u>See</u> Black's Law Dictionary 778 (9th Ed.) (defining habeas corpus <u>ad</u> <u>proseqendum</u> as a "writ used in criminal cases to bring before a court a prisoner to be tried on charges other than those for which the prisoner is currently being confined"); <u>United States v. Maass</u>, No. 99-CR-0023-C-01, 2005 WL 300367, at *1 (W.D. Wis. Feb. 7, 2005) (noting that the defendant made his appearance in federal court pursuant to writs of habeas corpus <u>ad</u> <u>prosequendum</u>).

Moreover, a § 2255 motion must substantially follow the form appended to the Rules Governing § 2255 Motions in the District Courts or the form prescribed by a local district court rule.  <u>See</u> Rule 2(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  The motion also must be signed

under penalty of perjury.  See Rule 2(b)(5).   Defendant's February 2010 Motion did not follow the appropriate form and was not signed under penalty of perjury.

### III. CONCLUSION

For the reasons stated, Defendant's Motion to Reopen Movant's Title 28 U.S.C. § 2255 (d/e 69) is DISMISSED for lack of jurisdiction.  Even if this Court had jurisdiction, the Court would DENY the motion.

**ENTER: September 26, 2017**

**FOR THE COURT:**
                          s/Sue E. Myerscough
                         **SUE E. MYERSCOUGH**
                         **UNITED STATES DISTRICT JUDGE**